IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] CARLOS L. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS-CRESPO,

Defendants

CRIMINAL 03-0055 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docket No. 584; opposition Docket No. 791)

This matter is before the court on motion of co-defendant Carlos L. Ayala-López to suppress all evidence and fruits derived from illegally intercepted, recorded and disseminated oral conversations filed on July 21, 2005. (Docket No. 584.) The United States opposed the motion on January 3, 2006. (Docket No. 791.)

The proffer of the defense is straightforward. In discovery, the government produced recorded oral conversations of the co-defendant Ayala-López and others. These were recorded and disseminated by an alleged government informant. These conversations were recorded on May 13, May 15, May 16, and May 23, 2002, and possibly other dates. The defendant did not consent to these recordings and as a result, such interceptions and recordings otherwise violate the federal and local wiretap statutes.

The United States replies in its opposition to the motion to suppress that the conversations were all consensually recorded because one of the participants, the government informant, was acting under color of law and had given consent to the interception and recording of oral conversations. (Docket No. 791, dated January 3, 2006.) The entire issue of suppression relies on the consent of one of the

CRIMINAL 03-0055 (JAG)                              2

participants in the intercepted conversation, and whether one of the participants is a state actor. At the January 11, 2006 conference, the United States reiterated that the recordings were the result of consensually monitored conversations, one of the parties to which was a government informant.

Briefly, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 prohibits oral or wire interceptions without a court order. An exception to this rule is provided in 18 U.S.C. § 2511(2)(c) which reads: "It shall not be unlawful . . . for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Thus an interception of an oral or wire communication between a non-consenting party and a consenting party thus authorized is not illegal. See United States v. Restrepo, 890 F. Supp. 180, 202 (E.D.N.Y. 1995); United States v. Pérez, 465 F. Supp. 1284, 1285 (D.P.R. 1979). If the consent is established, there is no violation of Title III. Nor is their a violation of any Fourth Amendment rights. See United States v. White, 401 U.S. 745, 749 (1971). Whether the Puerto Rico Constitution is violated, and it very well has been, such a violation is immaterial in a federal prosecution since the Puerto Rico Constitution is preempted by Title III in this respect. See United States v. Quiñones, 758 F.2d 40, 43 (1st Cir. 1985); United States v. Bennett, 538 F. Supp. 1045, 1048 (D.P.R. 1982); United States v. Pérez, 465 F. Supp. at 1285-86.

In view of the above, I recommend that the motion to suppress all evidence and fruits derived from illegally intercepted, recorded and disseminated oral conversations (Docket No. 584) be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection

CRIMINAL 03-0055 (JAG)                          3

thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 19th day of January, 2006.


                                          S/ JUSTO ARENAS
                              Chief United States Magistrate Judge