IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                                          CRIMINAL 03-0055 (JAG)

[1] CARLOS L. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS CRESPO,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docket No. 589; opposition Docket No. 721)

On July 22, 2005, co-defendant Carlos L. Ayala-López filed a motion to preclude alleged co-conspirator hearsay statements and for a pre-trial "Bourjaily" hearing to determine the existence of the conspiracy and admissibility of alleged conspiratorial statements and to exclude alleged co-conspirator hearsay. (Docket No. 589.) Specifically he requests a pretrial Petrozziello[1] determination in order for the court to determine if the statements attributed to him satisfy the requirements of Rule 801(d)(2)(E), Federal Rules of Evidence.

Out of court statements made by a coconspirator during the course and in furtherance of a conspiracy are admissible as non-hearsay evidence against a party only if a judge finds it "more likely than not that the declarant and the defendant were members of a conspiracy [when the hearsay statement was made,] and that the

---

[1] United States v. Petrozziello, 548 F.2d 20, 23 n.3 (1st Cir. 1977).

CRIMINAL 03-0055 (JAG)              2

statement was in furtherance of the conspiracy." United States v. Portela, 167 F.3d 687, 702 (1st Cir. 1999) (quoting United States v. Petrozziello, 548 F.2d at 23 (footnote omitted)); quoted in United States v. Fontánez, 628 F.2d 687, 689 (1st Cir. 1980) (citing United States v. Martorano, 557 F.2d 1 (1st Cir. 1977)); see also Fed. R. Evid. 801(d)(2)(E). The coconspirator's statement alone is insufficient to establish the existence of a conspiracy or participation therein by the declarant or defendant. See Fed. R. Evid. 801(d)(2)(E).

This finding, known as a Petrozziello determination, is made at the close of all evidence by both parties and out of the hearing of the jury. United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). A trial court may conditionally admit an out-of-court statement if, out of the hearing of the jury, it informs the parties that:

> (a) the prosecution will be required to prove by a preponderance of the evidence that a conspiracy existed, that the declarant and defendant were members of it at the time that the declaration was made, and that the declaration was in furtherance of the conspiracy, (b) that at the close of all the evidence the court will make a final Petrozziello determination for the record, out of the hearing of the jury; and, (c) that if the determination is against admitting the declaration, the court will give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice.

United States v. Ciampaglia, 628 F.2d at 638.

CRIMINAL 03-0055 (JAG)                    3

"The district court may, but need not, make a pretrial determination as to the provisional admissibility of the proffered statements." United States v. Isabel, 945 F.2d 1193, 1199 (1st Cir. 1991) (citing United States v. Medina, 761 F.2d 12, 17 (1st Cir. 1985)). As a general rule, pretrial Petrozziello hearings "unnecessarily lengthen the proceedings[,] . . . can be handled competently in the trial context[] . . . [and are] a matter solely within the discretion of the court." United States v. Medina, 761 F.2d at 17.

This court clearly has the discretion to hold a pretrial Petrozziello hearing. Since Ciampaglia, however, the better practice, and the rule in this circuit, is that the trial judge consider the evidence during trial in accordance with Rule 104(a), Federal Rules of Evidence. This procedure serves the purposes of judicial efficiency to have the Petrozziello determination made in compliance with Ciampaglia and Medina, after the close of the evidence and outside the hearing of the jury. See United States v. Bradshaw, 281 F.3d 278, 282-84 (1st Cir. 2002); cf. United States v. Ariza-Ibarra, 651 F.2d 2, 5-6 (1st Cir. 1981).

Next, I need to determine whether the admissibility of certain statements which might possibly be used at trial would violate his Sixth Amendment right to confrontation. In Crawford v. Washington, the Supreme Court held that where testimonial hearsay is at issue, the Sixth Amendment demands that if the witness is unavailable, the testimonial hearsay is not admissible unless there was a prior opportunity to cross-examine. Crawford v. Washington, 541 U.S. 36, 68 (2004).

CRIMINAL 03-0055 (JAG)                    4

The Court reasoned that "the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 69. As noted by the First Circuit, Crawford v. Washington "changed the legal landscape for determining whether the admission of certain hearsay statements violates the accused's right to confront witnesses." Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004), cert. denied, 125 S. Ct. 971 (2005). It abrogated the prior rule by the Court that the admission of hearsay does not violate the Sixth Amendment if the statement of the unavailable declarant fell under a firmly rooted exception to the hearsay rule or otherwise had particularized guarantees of trustworthiness. Id. (quoting Ohio v. Roberts, 448 U.S. 56, 66 (1980)).

The defendant has additionally moved to exclude all alleged coconspirator hearsay statements pursuant to the Confrontation Clause of the Sixth Amendment and Crawford v. Washington. Although the Supreme Court left "for another day any effort to spell out a comprehensive definition of 'testimonial'" it assured that at least "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Crawford v. Washington, 541 U.S. at 68. However, it also recognized that, statements in furtherance of a conspiracy "by their nature [are] not testimonial." Id. at 56. If such "statements are nontestimonial–that is, not made with an expectation that they will be used in court[,]" then "they are not subject to . . . restriction on the use of out-of-court

CRIMINAL 03-0055 (JAG)                    5

statements in criminal proceedings[]" under Crawford. United States v. Felton, 417 F.3d 97, 103 n.2 (1st Cir. 2005).

The First Circuit concluded in United States v. Sánchez-Berríos, that "[t]he introduction of [such] statement[s] . . . does not constitute a Sixth Amendment violation despite the lack of any opportunity for cross-examination." United States v. Sanchez-Berríos, 424 F.3d 65, 75 (1st Cir. 2005), cert. denied, No. 05-7904, 2006 WL 37947 (U.S. Jan. 9, 2006). In addition, "[u]nder the Supreme Court's decision in Ohio v. Roberts, 448 U.S. 56 . . . (1980), the statements fall within a firmly rooted hearsay exception, so their admission does not violate . . . Sixth Amendment rights." United States v. Felton, 417 F.3d at 103.

It may be premature for the court to consider confrontation issues since it would compel the United States to reveal the names of its witnesses prior to trial. Accordingly, the government having been put on notice, it is recommended that the court consider any Crawford issues if and when they arise during trial.

## CONCLUSION

In view of the above, it is my recommendation that the defendant's Petrozziello motion be DENIED, and that the CRAWFORD motion be DENIED at this time.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this

CRIMINAL 03-0055 (JAG)                        6

report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 19th day January, 2006.

                                    S/ JUSTO ARENAS
                          Chief United States Magistrate Judge