IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] CARLOS L. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS-CRESPO,

Defendants

CRIMINAL 03-0055 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docket No. 587; opposition Docket No. 712)

On July 22, 2005, co-defendant Carlos L. Ayala-López moved in limine to exclude gruesome photographs and motion for the government to provide pre-trial notice and establish relevance of photographs. (Docket No. 587.) The defendant notes that he expects the government to present gruesome post-mortem pictures of the victim in its case-in-chief. Relying on Rule 403, the defendant argues that the slightly probative value of such evidence is outweighed by the danger of unfair prejudice. See 18 U.S.C. § 3593(c). The defendant argues that given the "uncontested nature of these issues of identity and cause of death, the slight probative value, if any, of the photographs is far outweighed by the danger of unfair prejudice to the Defendant. . . " (Docket No. 587, at 2, ¶ 5.) The defendant argues that the photographs will unnecessarily and improperly inflame the jury, depriving

CRIMINAL 03-0055 (JAG)                    2

him of his rights to due process and a fair trial, in violation of the Fifth and Sixth Amendments to the United States Constitution.

The United States opposes the motion to limit the use of these photographs stressing that the photographs are not gruesome and are relevant and probative of the charges. The United States notes that on April 24, 2002, both defendants attacked and brutally killed Veterans Administration Police Officer José Oscar Rodríguez Reyes while he was performing his official duties. Specifically, the United States argues that defendant Ayala-López shot the officer once in the back of the head from less than two feet away, and once in the chest, rupturing, among other internal organs, one of his lungs, his liver, and his heart. Five seconds transpired between the time defendant Ayala-López approached the victim and the time that the victim was dead on the ground. The victim never drew his own weapon. The government proffers the statements of witnesses who note that Ayala-López had stated where on his body the defendant was shot by him.

At a hearing held on January 18, 2006, the defendant objected to one (Ex. 29A) of the five pictures which the government intends to produce at trial. (Ex. 27A, Ex. 28A, Ex. 29A, Ex. 30A, and Ex. 31A.) The objection is based upon an incision in the anterior thoracic region which the defense contends is gruesome and inflammatory. The government argues that the picture is the only one which shows the two orifices caused by the bullets. The government agrees to excise the corner of the photo (Ex. 29A) so that the jury is not presented with that part of the body

CRIMINAL 03-0055 (JAG)                              3

of the victim reflecting a red gash.  The photos are factual depictions reflecting points of passage of bullets and details of the assault leading to immediate death. Pictures of a murder victim in a murder trial are generally relevant and highly probative, and fairly prejudicial, particularly where the pictures help paint a portrait of what occurred during the murder which the government wishes to prove.  See United States v. Holmes, 632 F.2d 167, 169 (1st Cir. 1980); cf. Ferrier v. Duckworth, 902 F.2d 545, 548-49 (7th Cir. 1990).  In view of the lack of objection to four of the photographs and lack of objection to the use of the fifth as cropped, the government should, subject to foundation, be allowed to produce the photographs in its case-in-chief.

In view of the above, I recommend that the motion in limine to exclude gruesome photographs and notice for the government to provide pretrial notice and establish relevancy of photographs be DENIED in view of the agreement of the government to excise the objected-to portion of Exhibit 29A.

Although no objection is anticipated to this report and recommendation, under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See


CRIMINAL 03-0055 (JAG)                4

Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 19th day of January, 2006.

S/ JUSTO ARENAS
Chief United States Magistrate Judge