IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                      CRIMINAL 03-0055 (JAG)

[1] CARLOS L. AYALA LOPEZ
[10] EUSEBIO O. LLANOS CRESPO,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docket No. 590; opposition Docket Nos. 714, 716)

This matter is before the court on motion to dismiss indictment, or for alternative relief due to the government's loss of evidence. (Docket No. 590, dated July 22, 2005.) The defense notes that the federal government took custody of all of the evidence related to the murder at the Veterans Administration Hospital, which includes the clothing of the victim, the gun of the victim, the gun belt of the victim, the magazine containing ammunition of the victim, the bullets, one bullet used in the lab, ammunition cartridges and other crime scene evidence. The defense proffers that it learned on June 29, 2005 that the government had lost some of the evidence related to the murder of the federal security guard, that such evidence would be favorable to the defendant and that the lost evidence is irreplaceable.

The United States tersely replies that the evidence in the case was not lost. (Docket Nos. 714 and 716, December 2, 2005.) All evidence gathered at the crime scene was carefully handled by the Veterans Administration personnel and or the Puerto Rico Institute of Forensic Science, which was supported by the Evidence Recovery Team of the FBI. All physical evidence was transferred to the institute and analyzed. The government proffers that the defense has received the results of all

CRIMINAL 03-0055 (JAG)                    2

of the analyses conducted, and that, since the premise that such evidence has been lost is incorrect, the motion to dismiss the indictment or for alternative relief should be denied.

The government outlines in detail the whereabouts of each item of evidence which the defense understands has been lost.  The parties were also heard during an in chambers conference held on January 11, 2006.

The premise for the motion having been determined to be incorrect, based on the proffer of the government it is recommended that the motion to dismiss, or for alternative remedy, based upon the loss of evidence be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 19th day of January, 2006.

                                              S/ JUSTO ARENAS
                                 Chief United States Magistrate Judge