IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                      CRIMINAL 03-055 (JAG)

[1] CARLOS L. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS-CRESPO,

Defendants

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Docket No. 593; opposition Docket No. 768)

The defense moved on July 22, 2005 (Docket No. 593) to suppress out-of-court identifications and anticipated in-court identifications of defendant Carlos L. Ayala-López based upon testimony before the grand jury of Ángel Obregón Fontánez dated January 16, 2003. The witness was shown a picture of co-defendant Ayala-López who identified him at that time. A government witness by the name of "Cubo" was shown a picture of the co-defendant and "Cubo" also identified him. The defense argues that both of these incidents before the grand jury were suggestive and improper as an identification procedure, and argues that there may be additional photographic identifications of the co-defendant which have not been produced in discovery. Thus the defense moves to suppress or exclude those identifications as well. The defense also moves to exclude all anticipated in-court identifications based upon the tainted out of court identifications. The conclusion is that such identifications will result in a very substantial likelihood of irreparable misidentification in violation of the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.

The United States opposed the motion to suppress the evidence of out-of-court identifications and anticipated tainted in-court identifications of the co-defendant

CRIMINAL 03-0055 (JAG)                    2

on December 17, 2005.  (Docket No. 768.)  The grounds for the opposition are that the two incidents of identification referred to in the defense motion will not be introduced at trial and that the witnesses who will identify the defendant at trial have known the defendant for a number of years and that therefore their identification, based upon the totality of the circumstances, is reliable.

The issue of a possibly tainted and suggestive identification procedure applies, as the government notes, when a stranger is confronted with a single photograph. The government states, in relation to Ángel Obregón Fontánez that he was a co-conspirator of the co-defendant for at least one year prior to the date of the indictment, and that therefore there was no risk of suggestiveness by the showing of a single photograph since the witness is identifying someone who is well known to him and was not a victim, which is usually the case when impermissible suggestiveness is involved.  This focus becomes more portentous if one considers that the identifying witness has had the continuing opportunity to see the defendant during the commission of the felony, in this case a conspiracy.

"Evidence of pre-trial identification may be subject to constitutional limitations under the Due Process Clause." United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996) (citing Manson v. Brathwaite, 432 U.S. 98, [113-14] (1977)). The claim that an identification procedure has been so unduly prejudicial as to taint a conviction and deny a defendant due process of law "must be evaluated in light of the totality of the surrounding circumstances." Simmons v. United States, 390 U.S. 377, 383 (1968) (citing Stovall v. Denno, 388 U.S. 293, 302 (1967), [overruled on other grounds by Griffith v. Kentucky, 479 U.S. 314 (1987)]). In this circuit, before determining whether evidence of a pre-trial identification should be suppressed, a two-pronged analysis is required.  United States v. Watson, 76 F.3d 4, 6 (1996);

CRIMINAL 03-0055 (JAG)               3

*United States v. de Jesús-Ríos*, 990 F.2d 672, 677 (1st Cir. 1993). The court must first decide whether the identification procedure itself was impermissibly suggestive. *Id.*; *United States v. Maguire*, 918 F.2d 254, 263 (1st Cir. 1990). Then the court must decide whether the identification itself was reliable under the totality of the circumstances, notwithstanding the suggestive procedure. *Id.*; see *United States v. Oreto*, 37 F.3d 739, 745 (1st Cir. 1994); see, e.g., *United States v. Gray*, 958 F.2d 9, 13-14 (1st Cir. 1992). Finally, before suppression of identification evidence, the "'court must be persuaded that there was a very substantial likelihood of irreparable misidentification,' and only in extraordinary circumstances should identification evidence be withheld from the jury." *United States v. Watson*, 76 F.3d at 6 (quoting *United States v. de Jesús-Ríos*, 990 F.2d at 677).

The issue of a tainted out-of-court identification leading to a tainted in-court identification has been well briefed by the parties. The proffer of the government reflects that the court should not be confronted with a tainted identification during the trial.

The issue of impermissible suggestion by way of the use of one photograph is tempered by the fact that the witnesses proffered by the government know the defendant personally since they had worked together in the conspiracy. See, e.g., *United States v. Flores-Rivera*, 56 F.3d 319, 330-31 (1st Cir. 1995). If the issue of misidentification arises at trial, and it should not, artful cross-examination will protect the defendant. See *United States v. Oreto*, 37 F.3d at 745.

The parties were heard in chambers by proffer. Since the United States has stated that it will not be using any such suggestive in-court identification during trial, and that the prior out-of-court identification has not been tainted by unreliable

CRIMINAL 03-0055 (JAG)                4

suggestiveness, I recommend that the motion to suppress out-of-court identifications and anticipated in-court identifications of defendant Carlos L. Ayala-López be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 20th day of January, 2006.


                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge