IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] CARLOS L. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS-CRESPO,

Defendants

CRIMINAL 03-0055 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docket No. 583; opposition Docket No. 775)

This matter is before the court on motion to exclude other crimes and bad conduct evidence and motion to strike portions of superceding indictment[1] making reference to other crimes and bad conduct evidence, filed on July 21, 2005. (Docket No. 583.) The United States opposed the motion to exclude evidence and to strike on December 19, 2005. (Docket No. 775.)

Co-defendant Ayala-López seeks to strike the following language from what is now the third superceding indictment:

> (A.) Page 4, Paragraph 2: Referring to Defendant Carlos L. Ayala-Lopez, the Superseding Indictment alleges that, ". . . he possessed, brandished, carried, used and discharged firearms in furtherance of the conspiracy. He participated in robberies of businesses and individuals to obtain things of value to sell and generate proceeds to purchase narcotics. He also participated in shootings against rival drug traffickers operating within Llorens Torres to protect the drug pint located in Las Malvinas."

---

[1] The defense makes reference to statements in the superceding indictment. However, the statements correspond exactly in the description to statements made in the third superceding indictment.

CRIMINAL 03-0055 (JAG) 2

> (B.) Page 7, Paragraph 6: "On or about February 6, 2002, Carlos L. Ayala-Lopez, a/k/a "Macro", possessed a measurable amount of marijuana."
> (C.) Page 7, Paragraph 7: "On or about February 28, 2002, Carlos L. Ayala-Lopez, a/k/a "Macro", possessed a .45 caliber Colt pistol."
> (D.) Page 7, Paragraph 8: "On or about March 31, 2002, Carlos L. Ayala-Lopez, a/k/a "Macro", possessed a .357 caliber Ruger revolver."
> (E.) Page 8, Paragraph 16: "On or about June 20, 2002, Carlos L. Ayala-Lopez, a/k/a "Macro", possessed two firearms at the Las Malvinas drug point."

Docket No. 583, at 2.

The defense moves the court to exclude this evidence and to strike the references of bad conduct from the pending indictment.[2] The defendant argues that such evidence is inadmissible, emphasizing that evidence of prior bad acts is admissible under Rule 404(b) if such evidence is relevant to an issue other than defendant's character, is sufficient to support a finding that the defendant actually committed the extrinsic act, and if its probative value is not substantially outweighed by unfair prejudice. See United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996); United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992). The defendant argues that other crimes evidence and bad conduct evidence recited above is not relevant to an issue other than the defendant's character. The defendant stresses that the list of other crimes evidence is evidence for which the defendant has not been charged. The objectionable evidence arguably improperly incriminates the defendant in a series of offenses, including possession of a firearm, possession of marijuana, and participation in robberies and shootings. The defendant objects to the parading of this litany before the jury.

---

[2] This report will focus on the motion to strike since the motion to exclude evidence of bad act is pending and is dealt with separately in Docket Nos. 573, 574, 582, and 652.

CRIMINAL 03-0055 (JAG)                     3

    The United States opposes the motion in a terse reply.  It stresses that the conduct charged in the overt acts of Count One are acts carried out in furtherance of the drug trafficking conspiracy charged and that therefore such evidence is relevant and admissible at trial, particularly since all of the alleged acts occurred within the time frame of the drug trafficking conspiracy charged and also demonstrate the defendant's participation in the conspiracy.  The government also notes that a probable cause determination has been made as to each overt act.  Aside from arguing that these acts were brought out in the first trial, the government argues that they tend to prove that the defendant was a member in the charged conspiracy.  Evidence of such evidence will thus allow a jury to determine guilt as to count one.  Furthermore, evidence of possession of firearms on February 28, 2002 and March 31, 2002 are arguably direct evidence of the offenses charged in Counts Two and Three of the (Third) Superceding Indictment.

    An indictment should only contain those facts and elements of the alleged offense necessary to inform the accused of the charges so that he can prepare a defense.  See United States v. Sepúlveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  While not essential, many conspiracy indictments contain overt acts.  An overt act contained in such indictment "need not be the substantive crime that is the object of the conspiracy, nor even criminal in character; its function is to show the operation of the conspiracy."  United States v. Medina, 761 F.2d 12, 14 (1st Cir. 1985) (citing Yates v. United States, 354 U.S. 298, 334 (1957)[3]).  "But it does not follow from this that an overt act cannot be another crime. In United States v. Murzyn, 631 F.2d 525, 534-35 (7th Cir. 1980), cert. denied, 450 U.S. 923, 101 S. Ct.

---

[3]Overruled on other grounds by Burks v. United States, 437 U.S. 1 (1978).

CRIMINAL 03-0055 (JAG)                4

1373, 67 L.Ed.2d 351 (1981), the court held that intrastate auto thefts were properly alleged as overt acts because the acts were taken to 'effect the object of the conspiracy,' the interstate transportation and sale of stolen motor vehicles." United States v. Medina, 761 F.2d at 14. Such overt acts can serve as a roadmap to help the jury in understanding the details of the conspiracy. "[A]n indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [he] must defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense." United States v. Sepúlveda, 15 F.3d at 1192 (citations omitted). While it may be unnecessary to place three overt acts in an indictment for a violation of 21 U.S.C. § 846, it is not prohibited. Cf. United States v. Escobar De Jesús, 187 F.3d 148, 168 n.16 (1st Cir. 1999); United States v. Aponte-Suárez, 905 F.2d 483, 488 (1st Cir. 1990). Furthermore, if these overt acts refer to carrying or using weapons, which are recognized tools of the narcotics trade, the indictment produced by the grand jury, should, as returned, proceed to trial untouched. See United States v. Green, 887 F.2d 25, 27 (1st Cir. 1989); United States v. Cresta, 825 F.2d 538, 554 (1st Cir.1988); United States v. Trullo, 809 F.2d 108, 113 (1st Cir. 1987); United States v. Tormes-Ortiz, 710 F. Supp. 409, 411 (D.P.R. 1989).

In view of the above, I recommend that the portion of the motion to exclude other crimes and bad conduct evidence and motion to strike portions of superceding indictment making reference to other crimes and bad conduct evidence be denied in part, that is, in relation to the part of the motion which moves to strike portions of superceding indictment making reference to other crimes and bad conduct evidence. I further recommend that the remainder of the motion referring to exclusion of evidence remain pending.

CRIMINAL 03-0055 (JAG)                    5

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 25th day of January, 2006.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge