IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                      CRIMINAL NO. 03-0055 (JAG)

[1] CARLOS E. AYALA-LÓPEZ,
[10] EUSEBIO O. LLANOS CRESPO,

Defendants

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Docket No. 688; opposition Docket Nos. 761, 762)

On October 19, 2005, co-defendant Carlos L. Ayala-López moved to compel government's production of information and documents regarding undercover audiotapes (Docket No. 688) under Rules 12(b) and 16, Federal Rules of Criminal Procedure, and the Fourth, Fifth, Sixth and Eighth Amendments of the United States Constitution.

The government has stated that it intends to introduce undercover audio taped oral conversations allegedly between a government informant, Jesús S. Matías Cruz and co-defendant Carlos L. Ayala-López. These conversations have been the subject of other motions. (See Docket Nos. 584, 596.) The defense has requested information as to whether the original audio recordings made by the informant were made on disk (CD), what was the exact medium upon which the original recordings were made, and how those recordings ultimately ended up in disk (CD) format. The defense states that the government has failed to comply with such request. The specific inquiry is as follows:

> a. Whether the original audio recordings allegedly made by Jesús S. Matías-Cruz were made on disk (DC);
> b. Whether the government still has possession of the "original" recording;

CIVIL 03-0055 (JAG)                    2

    c.  The exact medium upon which the original audio
      recordings were made by Jesús S. Matías-Cruz;
    d.  How those audio recordings ultimately ended up in disk
      (CD) format; and
    e.  All documents, memos, reports and writings related to
      the above requests and to the manner in which the
      recordings were made and allegedly preserved.

Docket No. 688, at 2.

The defense argues that such information must be produced under the constitutional amendments above mentioned and Rule 16, but also that it must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and as impeachment material. See Giglio v. United States, 405 U.S. 150 (1972). The defense argues specifically that the information is producible under Rule 16(a)(1)(E)(i), Federal Rules of Civil Procedure and that the information is intended to be used by the government at trial and therefore producible as such. See Rule 16(a)(1)(E)(ii), Federal Rules of Criminal Procedure.

The United States responds to the motion (Docket Nos. 761, 762) that the undercover recording was not made on CD. The recording was a digital recording and such a recording is never maintained on a body recorder, but is rather transferred through the use of computer software to a computer disk (CD). Thus the first CD is the original recording. The government proffers that the informant used a digital body recorder to record the conversations. Such recordings were downloaded from the digital recorder by an Electronic Surveillance Technician (ELSUR) and he takes the following steps:

    1) Verify that the recorder is off and the batteries were
      taken out.
    2) Connect recorder to computer.
    3) Open appropriate software to download and transfer
      recording.

CIVIL 03-0055 (JAG)                    3

       4) Audio is transferred to a CD.  This CD is formatted so
          that no additional information can be written to it, once
          the original data is transferred.
       5) Original CD is labeled original and working copies made
          from it.

Docket No. 762, at 2.

      The government argues that the information requested is protected by the investigative privilege and will not be disclosed since the recording has already been disclosed.  The government argues that the defense has failed to show how if in any way the defendant would be prejudiced but for the production fo this information.

      Although not scheduled for hearing, the parties' arguments were briefly heard on January 27, 2006 where the prosecutor informed that there is no original recording as such because nothing remains in the recorder since the actual recording is downloaded and then erased from the recorder once it is placed in a computer and transferred to a CD, which thus becomes the recording.

      Where the request seeks information, the same should be denied insofar as it goes beyond the requirements of Rule 16, which is limited to tangible objects. Where the request seeks documents or tangible objects that the United States intends to use at trial, th same should be granted.  Where it seeks reports that may qualify as 3500 material but not under Rule 16, the same should be produced in accordance with the court's order related to Jencks.

      The United States raises the investigative privilege in its opposition.  This privilege is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of … investigatory files." Black v. Sheraton Corp. of Am., 564 F.2d 531, 541 (D.C. Cir. 1977), cited in United States v. Winner, 641 F.2d 825, 831 (10th Cir. 1981).

CIVIL 03-0055 (JAG)                    4

    Making reference to Exhibit 12 in court, the government outlined the process as to how the CD is produced from the recorder.  The proffer does not appear to discuss information which is privileged as much as it may discuss information which I find is not discoverable under Rule 16, specifically Rule 16(a)(1)(E)(i) and Rule 16(a)(1)(E)(ii).  Based upon the proffer, it appears that the government has complied with the requirements of Rule 16(a)(1)(E)(i) and Rule 16(a)(1)(E)(ii), Federal Rules of Criminal Procedure as required.

    In view of the above I recommend that the motion to compel government's production of information and documents regarding undercover audiotapes be denied,  assuming that the government has complied with Rule 16 as required.

    Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 3rd day of February, 2006.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge