IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff(s)**

**v.**

CARLOS L. AYALA LOPEZ,

**Defendant(s)**

**CIVIL NO.** 03-55 (JAG)

**ORDER**

The Government's motion to compel disclosure of the mitigating factors defendant intends to prove during the penalty phase (Docket No. 1305) is hereby **GRANTED**.

Although the Federal Death Penalty Act ("FDPA"), 18 U.S.C. § 3591, does not require the defendant to give advance notice of the mitigating factors he intends to prove during the penalty phase of a capital trial, the Court may nevertheless order such disclosure under its inherent power to ensure the fairness of its proceedings. See Fed.R.Crim.P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). "Inasmuch as the FDPA is otherwise silent as to procedure, it clearly does not purport to provide a comprehensive penalty phase procedure, and it follows that Congress left the fashioning of such procedure, including disclosure matters, to the courts." U.S. v. Catalan-Roman, 376 F.Supp.2d 108, 112 (D.P.R. 2005)(citing U.S. v. Beckford, 962 F.Supp. 748, 757 (E.D. Va.

Criminal No. 03-55 (JAG)                                                2

1997)). "Where faced with procedural gaps arising under the FDPA because of its silence regarding disclosure, courts are crafting appropriate procedures pursuant to their inherent powers, importing standards from the Federal Rules of Criminal Procedure." Id. at 115. "[U]nlike the Federal Rules of Evidence, the FDPA does not specifically abrogate the Rules of Criminal Procedure." Id. at 114.

In this case, the defendant adamantly requested a detailed proffer of the underlying facts which the Government intends to present to the jury during the penalty phase to prove the aggravating factors it had notified. The Court granted his request and the Government has complied, even if the defendant does not agree that the proffer is sufficient. Thus, it is only fair and in keeping with the FDPA's mandate that both the "government and the defendant shall be permitted to rebut any information . . . and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor . . . ," 18 U.S.C. § 3593(c), to order the early disclosure of the defendant's mitigating factors. The defendant has had ample opportunity to contest the adequacy and to prepare to properly rebut the Government's aggravating factors. The Government should be allowed the same opportunity.

Accordingly, the defendant is ordered to make a disclosure by **Friday, September 22, 2006,** of the mitigating factors he may possibly present to the jury as well as a proffer of the underlying

Criminal No. 03-55 (JAG)                                                  3

facts he will use in support of each mitigating factor. Furthermore, the defendant shall provide reciprocal discovery and <u>Jencks</u> materials pursuant to Fed.R.Crim.P. 16(c) and 26.2.

The purpose of the disclosure is to give the Government an opportunity to prepare for the rebuttal of the mitigating factors and the defendant need not present to the jury any or all of the mitigating factors he discloses.  Furthermore, the Government shall be precluded from referring to the mitigating factors during, and/or using its advance knowledge to bolster its case in chief.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of September 2006.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge